THE FLEXITE CORPORATION, Plaintiff, *v.* KARMAN REALTY CORPO-
RATION, Defendant.

Supreme Court, Trial Term, Part II, New York County, December 16, 1942.

*Seligman & Seligman* for plaintiff.

*Frederick W. Ritter* for defendant.

EDER, J. Review of determination by calendar clerk in refusing to accept application for preference under rule V of the New York County Supreme Court Rules for Trial Terms. The rule authorizes a preference in any action on contract; the complaint alleges a cause of action on contract and there is another count in fraud; the answer contains a counterclaim for rent under the lease referred to in the complaint. The clerk's refusal was based on the fact that the complaint was not solely on contract, but was one involving a mixed action of tort and contract.

Where the sufficiency of the papers or the propriety of an application is involved, or a construction of the rule or the law applicable thereto is presented, the determination thereof involves judicial functions and only the court can properly pass thereon. Therefore, in such a situation the clerk will accept the application and submit the same to the court for disposition of all questions involved, inviting the court's attention to such features as appear to him to be important or relevant.

Except for the inclusion in the complaint of a count in fraud this action is essentially one on contract, both as respects the complaint and the counterclaim, and is one in which advancement could be moved by either party under this rule. The inclusion of a fraud count in the complaint does not perforce render the rule ineffective as to the causes of action on contract presented by the complaint and counterclaim or deprive either party of the advantage of the rule.

In this case the action was placed upon the calendar by the defendant who is primarily interested in obtaining a speedy trial of its counterclaim, and yet at the same time desires to have a speedy trial of the plaintiff's alleged causes of action.

I do not think that it was intended by the establishment of this rule to prevent a plaintiff from obtaining a preference of a cause of action on contract, or a defendant from alleging such a cause of action by way of counterclaim, because intertwined with the action on contract is one in tort; rather, it is my opinion that in such a case it was intended that the one should be severed from the other and the action on contract should nonetheless obtain the preference authorized by this rule. Otherwise a plaintiff, by including a cause of action for tort, could deprive the defendant of a speedy trial of a cause of action on contract; this would present an incongruous and unjust situation and it is not to be assumed that this was intended.

Accordingly, the motion is considered on its merits and the trial of this action is advanced to the day calendar for January 26, 1943, and, unless the plaintiff stipulates also to try out at the same time the other cause of action, a severance of the trial of the actions on contract as set forth in the complaint and counterclaim is ordered.

The matter is disposed of as indicated.

Settle order.